UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **REV. DENNIS BRIGGS,** | ) | CASE NO. 1:21 CV 1334 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF WADSWORTH, OHIO,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

### Background

*Pro se* plaintiff Reverend Dennis Briggs has filed an *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of Wadsworth. (Doc. No. 1.) In his brief complaint, he alleges he has been "ticketed or arrested" five times under an anti-camping ordinance of the City (*i.e.*, Codified Ordinance § 94.09, hereinafter "ordinance") which he contends is unconstitutional. (*Id*.) Although his complaint is unclear as to status of state proceedings against him, he seeks injunctive relief to "stop enforcement" and prosecution and sentencing under the ordinance. (Doc. No. 1-2.) He indicates he is detained in the Medina County Jail.

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons stated below, his complaint is dismissed.

**Standard of Review and Discussion**

Because plaintiff is proceeding *in forma pauperis* and seeks relief from a governmental defendant, his complaint is before the Court for initial screening under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). These statutes expressly require district courts to screen all *in forma pauperis* complaints filed in federal court, and all complaints in which prisoners seek redress from governmental entities, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Although a *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), even a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face to avoid a dismissal. *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) governs dismissals for failure to state a claim under §§ 1915A and 1915(e)(2)(B)).

The Court finds that plaintiff's complaint must be dismissed in accordance with §§ 1915A and 1915(e)(2)(B)).

Under *Younger v. Harris*, 401 U.S. 37 (1971) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the

comity between federal and state courts. Abstention is warranted where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Gorenc v. City of Westland*, 72 F. App'x 336, 338 (6th Cir. 2003).

Accordingly here, to the extent a criminal proceeding is pending against plaintiff for violating the ordinance, abstention is warranted because criminal proceedings implicate important state interests (*see Leveye v. Metro. Pub. Def. Office*, 73 F. Appx, 792, 794 (6th Cir. 2003), and there is no suggestion in plaintiff's complaint that he lacks an adequate opportunity to raise his federal constitutional concerns in an ongoing criminal proceeding against him. *See Pennzoil*, 481 U.S. at 14-15; *see also Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of *Younger* abstention is satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

This Court will not interfere with pending state criminal matters in accordance with *Younger*.

Further, to the extent plaintiff has already been convicted of violating the ordinance and seeks to overturn or stop enforcement of that conviction, this Court lacks jurisdiction. Federal courts lack jurisdiction to hear appeals of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the United States Supreme] Court"). The *Rooker–Feldman* doctrine bars district courts from hearing both challenges to state court judgments and claims that are "inextricably intertwined" with such judgments. *See Hood v.*

*Keller*, 341 F.3d 593, 597 (6th Cir. 2003). "In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.").

In addition, "habeas corpus is the exclusive [federal] remedy for a state prisoner who challenges the fact or duration of his confinement. . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## Conclusion

For all of the foregoing reasons, plaintiff's complaint fails to state a plausible claim under § 1983 over which this Court has jurisdiction and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/*Dan Aaron Polster*   10/27/2021
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE